IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MICHAEL SCHMIDT, | ) | Case No. 04 B 20175 |
| | ) | |
| Debtor(s). | ) | Judge Manuel Barbosa |

## TRUSTEE'S FINAL REPORT

To:   THE HONORABLE MANUEL BARBOSA, BANKRUPTCY JUDGE

NOW COMES Charles J. Myler, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.   The Petition commencing this case was filed on May 24, 2004. Charles J. Myler was appointed Trustee on May 24, 2004. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.   The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.   A summary of the Trustee's Final Report as of June 30, 2008 is as follows:

  a. RECEIPTS (See Exhibit C)  $450,007.38

  b. DISBURSEMENTS (See Exhibit C)  $0.00

  c. NET CASH available for distribution  $450,007.38

  d. TRUSTEE/PROFESSIONAL COSTS:

    1. Trustee compensation requested $10,500.71
     (See Exhibit E)
    2. Trustee expenses (See Exhibit E) $362.39
    3. Special counsel expenses $14,391.82
     (See Exhibit E-1)
    4. Compensation requested by
     attorney for trustee (See Exhibit F) $5,260.00
    5. Compensation requested by
     special counsel (See Exhibit F) $125,000.00

5. The Bar Date for filing unsecured claims expired on September 23, 2004.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee. (See Exhibit D) The actual dollar amount of claims allowed and/or requested for this estate is as follows:

  a. Allowed unpaid secured claims  $0.00

  b. Chapter 7 administrative and  $155,514.92[1]
    28 U.S.C. §1930 claims

  c. Allowed Chapter 11 administrative  $0.00
    claims

  d. Allowed priority claims  $0.00

  e. Allowed unsecured claims  $198.02

7. Trustee proposes that unsecured creditors receive a distribution of 100% of allowed claims.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Trustee's attorney's, accountant's, or other professional's compensation

requested but not yet allowed is $130,260.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $130,260.00. (See Exhibit G).

9. A fee of $1,000.00 was paid to debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE: July 10, 2008

/s/ Charles J. Myler
Charles J. Myler, ARDC# 2008602
105 E. Galena Blvd., 8th Floor
Aurora, IL 60505
(630) 897-8475

## TASKS PERFORMED BY TRUSTEE

This case involved a wrongful death suit brought by the debtor on behalf of his wife against physicians and a hospital. After the meeting of creditors the trustee obtained counsel who reviewed the matter with the attorneys for the plaintiff. The wrongful death suit was pending in Chicago for approximately four years. Trustee continued to file all of the necessary interim reports. Trustee also kept in regular contact with Ellis Sostrin, who had been hired as special counsel by the trustee and was the attorney for the plaintiff, regarding pertinent factors in the pending estate in which special counsel advanced considerable sums in order to keep the case alive. Eventually, after a pretrial, the case was open for settlement discussions. It was the trustee's hope that a minimum of $250,000 could be reached but plaintiff's counsel was able to settle the case for $450,000. The debtor was not happy with the settlement but the trustee determined that the settlement was appropriate since approximately 80% of medical malpractice cases are decided against the plaintiff and substantial questions as to liability existed in this case. The court eventually approved the settlement over the objection of the debtor. There is only one claim filed in the estate and a very substantial sum will be returned to the debtor along with his exemption. It is estimated that 10 hours were spent in trustee time in this estate.

EXHIBIT A

Page: 1

# Form 1
## Individual Estate Property Record and Report
### Asset Cases

Case Number: 04-20175
Case Name: SCHMIDT, MICHAEL

Period Ending: 06/30/08

Trustee: (330510)    CHARLES J. MYLER
Filed (f) or Converted (c): 05/24/04 (f)
§341(a) Meeting Date: 06/21/04
Claims Bar Date: 09/23/04

| Ref. # | 1 Asset Description (Scheduled And Unscheduled (u) Property) | 2 Petition/ Unscheduled Values | 3 Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4 Property Abandoned OA=§554(a) abandon. DA=§554(c) abandon. | 5 Sale/Funds Received by the Estate | 6 Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Homestead residence | 250,000.00 | 0.00 | DA | 0.00 | FA |
| 2 | Checking account TCF Bank | 250.00 | 0.00 | DA | 0.00 | FA |
| 3 | Savings account TCF Bank | 26.00 | 0.00 | DA | 0.00 | FA |
| 4 | Household furniture | 200.00 | 0.00 | DA | 0.00 | FA |
| 5 | Books, pictures | 30.00 | 0.00 | DA | 0.00 | FA |
| 6 | Clothing | 150.00 | 0.00 | DA | 0.00 | FA |
| 7 | Jewelry | 100.00 | 0.00 | DA | 0.00 | FA |
| 8 | Medical malpractice claim | Unknown | Unknown | | 450,000.00 | FA |
| 9 | 1999 Toyota Corolla | 3,525.00 | 0.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 7.38 | Unknown |
| 10 | Assets    Totals (Excluding unknown values) | $254,281.00 | $0.00 | | $450,007.38 | $0.00 |

**Major Activities Affecting Case Closing:**

Trustee has settled pending malpractice suit and will file final report


EXHIBIT B

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 04-20175
**Case Name:** SCHMIDT, MICHAEL

**Trustee:** (330510) CHARLES J. MYLER
**Filed (f) or Converted (c):** 05/24/04 (f)
**§341(a) Meeting Date:** 06/21/04
**Claims Bar Date:** 09/23/04

**Period Ending:** 06/30/08

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|

Initial Projected Date Of Final Report (TFR): June 30, 2005    Current Projected Date Of Final Report (TFR): December 31, 2006

# Form 2
## Cash Receipts And Disbursements Record

**Case Number:** 04-20175
**Case Name:** SCHMIDT, MICHAEL

**Taxpayer ID #:** 13-7606962
**Period Ending:** 06/30/08

**Trustee:** CHARLES J. MYLER (330510)
**Bank Name:** JPMORGAN CHASE BANK, N.A.
**Account:** ***_*****64-65 - Money Market Account
**Blanket Bond:** $5,000,000.00  (per case limit)
**Separate Bond:** N/A

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 06/25/08 | {8} | ISMIE Mutual Insurance Co. | Settlement proceeds of wrongful death suit | 1129-000 | 450,000.00 | | 450,000.00 |
| 06/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 7.38 | | 450,007.38 |
| | | | **ACCOUNT TOTALS** | | 450,007.38 | 0.00 | $450,007.38 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 450,007.38 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$450,007.38** | **$0.00** | |

| | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | | | |
| MMA # ***_*****64-65 | 450,007.38 | 0.00 | 450,007.38 |
| | **$450,007.38** | **$0.00** | **$450,007.38** |


EXHIBIT C

{} Asset reference(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MICHAEL SCHMIDT, | ) | Case No. 04 B 20175 |
| | ) | |
| Debtor. | ) | Judge Manuel Barbosa |

### DISTRIBUTION REPORT

I, Charles J. Myler, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | |
|---|---:|
| Chapter 7 Administrative Expenses: | $155,514.92 |
| Chapter 11 Administrative Expenses: | $0.00 |
| Priority Claims (507(a)(3)-(a)(6)): | $0.00 |
| Secured Tax Liens: | $0.00 |
| Priority Tax Claims: | $0.00 |
| General Unsecured Claims: | $1,756.22 |
| Exemption to Debtor: | $7,500.00 |
| Surplus to Debtor: | $285,236.24 |

TOTAL AMOUNT TO BE DISTRIBUTED:   $450,007.38

EXHIBIT D

5

## DISTRIBUTION REPORT

| 1. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | $155,514.92 | 100 |

| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|
| Charles J. Myler, Trustee | $10,500.71 | $10,500.71 |
| Charles J. Myler, Expenses | $362.39 | $362.39 |
| Myler, Ruddy & McTavish | $5,260.00 | $5,260.00 |
| Eric Sostrin, Special counsel fees | $125,000.00 | $125,000.00 |
| Eric Sostrin, Special counsel expenses | $14,391.82 | $14,391.82 |

| 2. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in-possession (DIP) administrative expenses) | $0.00 | |

| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|
| | $ | $ |

| 3. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $0.00 | |

| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|
| | $ | $ |

| 4. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(3) - Wages, salaries or commissions limited to $4,000 (less applicable withholdings) | $0.00 | |

| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|
| | $ | $ |

6

| | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| **5. TYPE OF CLAIMS** §507(a)(4) - Contributions to Employee Benefit Plans | $0.00 | |
| **CLAIM NO.  CREDITOR** | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
| **6. TYPE OF CLAIMS** §507(a)(5) - Farmers' and Fishermans' claims to the extent of $2,000 | TOTAL AMOUNT OF CLAIMS $0.00 | FINAL DIVIDEND % |
| **CLAIM NO.  CREDITOR** | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
| **7. TYPE OF CLAIMS** §507(a)(6) - Deposits by consumers to the extent of $900 | TOTAL AMOUNT OF CLAIMS $0.00 | FINAL DIVIDEND % |
| **CLAIM NO.  CREDITOR** | AMOUNT ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
| **8. TYPE OF CLAIMS** §724(b) - Tax Liens | TOTAL AMOUNT OF CLAIMS $0.00 | FINAL DIVIDEND % |
| **CLAIM NO.  CREDITOR** | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
| **9. TYPE OF CLAIMS** §507(a)(7) - Tax claims excluding fines and penalties | TOTAL AMOUNT OF CLAIMS $0 | FINAL DIVIDEND % 0 |
| **CLAIM NO.  CREDITOR** | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
| **10. TYPE OF CLAIMS** | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |

7

| | | |
|---|---|---|
| §507(a)(8) - Capital Commitments to FDIC, et al. | $0.00 | |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |

| | TOTAL | FINAL |
|---|---|---|
| **11. TYPE OF CLAIMS** | **AMOUNT OF CLAIMS** | **DIVIDEND %** |
| §726(a)(2) - General Claims (To be paid *pro-rata* after costs of administration and priority claims are paid in full) | $198.02 | 100 |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** | **AMOUNT OF DIVIDEND** |
| 1. Nicor | $198.02 | $198.02 |

| | TOTAL | FINAL |
|---|---|---|
| **12. TYPE OF CLAIMS** | **AMOUNT OF CLAIMS** | **DIVIDEND %** |
| §726(a)(3) - Late unsecured claims. | $0.00 | |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |

| | TOTAL | FINAL |
|---|---|---|
| **13. TYPE OF CLAIMS** | **AMOUNT OF CLAIMS** | **DIVIDEND %** |
| §726(a)(4) - Fines/penalties | $0.00 | |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |

| | TOTAL | FINAL |
|---|---|---|
| **14. TYPE OF CLAIMS** | **AMOUNT OF CLAIMS** | **DIVIDEND %** |
| §726(a)(5) - Interest (1.82% from date of filing to anticipated date of distribution (Sept. 30, 2008) | $1,558.20 | 100 |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** | **AMOUNT OF DIVIDEND** |
| 1a. Nicor, interest (1.82% for 1,590 days @ $.98 per day) | $1,558.20 | $1,558.20 |

8

| 15. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(6) - Surplus to Debtor | $292,736.24 | 65.05 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|
| | Michael Schmidt | $285,236.24 | $285,236.24 |
| | Michael Schmidt (exemption) | $7,500.00 | $7,500.00 |

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED/WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|
| | | | | |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: July 10, 2008

Charles J. Myler, Trustee, ARDC# 2008602

9